UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>  Plaintiff,<br><br>  v.<br><br>PANTOJA, et al.,<br><br>  Defendants. | Case No. 24-cv-03904 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DIRECTING PLAINTIFF TO FILE NON-PRISONER IN FORMA PAUPERIS APPLICATION** |

Plaintiff, a state parolee, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 for unconstitutional acts that took place at the Correctional Training Facility ("CTF"), where he was formerly housed. Dkt. No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* is also on the wrong form since he is no longer incarcerated. Dkt. No. 2. Plaintiff shall be provided with a non-prisoner IFP application.

**DISCUSSION**

A. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff alleges that during January 2021, he was housed in the delta wing at CTF, when Defendant Perez Pantoja searched his cell and broke the cell window and cpap machine. Dkt. No. 1 at 2. Plaintiff claims that Defendant Perez would "constantly indicate" that Plaintiff needed to be transferred and that he "files too many grievances." *Id.* Defendant Perez also said he would "keep infracting [Plaintiff] and searching his cell because his points were high and anything else he writes would hold up." *Id.* Plaintiff claims Defendant Perez "took reprisals" against him for engaging in protected conduct, which included issuing constant infractions, searching his cell, and breaking his medical equipment. *Id.* at 3. Plaintiff claims that breaking his cell window and cpap machine "caused cruel and unusual punishment." *Id.* Furthermore, Plaintiff claims that during March 2021, Defendant Perez stopped him outside the wing and sexually assaulted him by "going into [Plaintiff's] bottom and squeezing his scrotum/testicles/shaft." *Id.* Plaintiff claims Defendant Perez continued to make comments to show reprisals and retaliation. *Id.* Plaintiff claims that Warden Koenig was notified by family of the assault, and that the Warden knew of Defendant Perez's misconduct from other complaints against him, and that the Warden failed to prevent it "being deliberately indifferent." *Id.* Plaintiff claims Warden Koenig and Lt. Gonzalez issued a RVR as reprisals for reporting sexual assault

2

against PREA standard, which is a First Amendment retaliation. *Id.* Plaintiff seeks damages. *Id.* The allegations in the complaint are deficient to state any cognizable claim.

First, the allegations are insufficient to state a retaliation claim against any Defendant. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). While the allegations are sufficient to satisfy the first three elements against Defendants Perez, Koenig, and Gonzalez, there are no allegations to satisfy the fourth and fifth elements, i.e., that such action chilled the exercise of his First Amendment rights and did not reasonably advance a legitimate correctional goal.

Second, Plaintiff's allegations are insufficient to state a claim for sexual assault against Defendant Perez. Prisoners have a constitutional right to be free from sexual harassment. *Sampson v. County of Los Angeles*, 974 F.3d 1012, 1023 n. 6 (9th Cir. 2020) (citing *Wood v. Beauclair*, 692 F.3d 1041, 1046, 1048-51 (9th Cir. 2012) (prisoners protected under 8th Amendment)). "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood*, 692 F.3d at 1046 (citations omitted). In evaluating a prisoner's claim of sexual harassment or abuse, courts consider whether "the officials act[ed] with a sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). A prisoner may state an Eighth Amendment claim under § 1983 for sexual harassment if the alleged sexual harassment was sufficiently harmful, i.e., a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner. *See Thomas v. District of Columbia*, 887 F. Supp. 1, 3-4 (D.D.C.

3

1995) (citing *Hudson*, 503 U.S. at 6, 8) (internal quotations and citation omitted). "A prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020). "[A]ll of the elements of a Section 1983 sexual assault claim are established if a prisoner proves that a sexual assault occurred." *Id.* at 1145. Plaintiff's allegations are insufficient to state a sexual assault claim because there are no allegations regarding Defendant Perez's state of mind to establish an Eighth Amendment sexual assault claim, i.e., that he acted for his own sexual gratification, or for the purpose of humiliating, degrading, or demeaning Plaintiff. Furthermore, Plaintiff makes no allegation regarding the harm he suffered due to this incident.

Furthermore, Plaintiff claims that the breaking of the window and cpap machine amounted to "cruel and unusual punishment." Dkt. No. 1 at 3. However, the allegations are insufficient to establish an Eighth Amendment violation. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Here, there are no allegations describing an objectively, sufficiently serious deprivation to state an Eighth Amendment deprivation.

Lastly, the allegations are insufficient to state a failure to protect claim against

Warden Koenig. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate. *See, e.g., Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.* While the complaint states that Warden Koenig was informed of the assault after the fact, there are no allegations that Warden Koenig knew in advance of the incident that there existed a substantial risk of serious harm to Plaintiff by Defendant Perez. *See, e.g., Wood v. Beauclair*, 692 F.3d 1041,1051 (9th Cir. 2012) (officials not liable for sexual assault by guard where prisoner never disclosed guard's actions to prison officials until long after the incidents occurred). The fact that Defendant Perez had several complaints against him is not sufficient to establish that there existed a serious risk of harm to Plaintiff.

Plaintiff shall be granted leave to amend to attempt to correct the deficiencies in the above claims. Plaintiff should keep the following principles in mind in preparing an amended complaint. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844

F.2d at 633.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 24-cv-03904 BLF (PR), and the words "FIRST AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original complaint, and Plaintiff may not make references to the original. Claims not included in the amended complaint are no longer claims and defendants not named therein are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal with prejudice of this action for failure to state a claim for relief.**

3. The Clerk shall enclose two copies of the court's form complaint with a copy of this order. The Clerk shall also include a copy of the court's "Application to Proceed In Forma Pauperis (Non-prisoner cases only)" with a copy of this order to Plaintiff. Plaintiff must file the completed IFP form **no later than twenty-eight (28) days** from the date this order is filed. **Failure to file the IFP application in the time provided will result in the dismissal of this action for failure to pay the filing fee**.

**IT IS SO ORDERED.**

Dated: _December 2, 2024____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend; Directing Pl to file IFP app
PRO-SE\BLF\CR.24\03904Khan_dwlta&IFP

6